**Ri–Hong LU, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 02–74281.

**Agency No. A75–745–152.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 6, 2004.

Decided Feb. 19, 2004.

---

Joseph S. Porta, Law Offices of Cohen & Kim, Los Angeles, CA, for Petitioner.

Regional Counsel, Laguna Niguel, CA, Los Angeles District Counsel, Office of the District Counsel, Los Angeles, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, San Francisco, CA, Michael P. Lindemann, Christopher C. Fuller, Anh–Thu P. Mai, U.S. Department of Justice, Washington, DC, for Respondent.

Before BROWNING, THOMPSON, and WARDLAW, Circuit Judges.

## MEMORANDUM *

Ri–Hong Lu, a native and citizen of the People's Republic of China, petitions for

---

* This disposition is not appropriate for publica-   tion and may not be cited to or by the courts

review of a final order of the Bureau of Immigration Appeals ("BIA"), which adopted the Immigration Judge's ("IJ's") decision to deny his applications for asylum, withholding of deportation and relief under the United Nations Convention Against Torture and Other Cruel, Inhuman or Degrading Treatment or Punishment ("CAT"). We have jurisdiction under 8 U.S.C. § 1252(a), and grant in part and deny in part the petition.

"When the BIA adopts an IJ's findings and reasoning, we review the IJ's opinion as if it were the opinion of the BIA." *Singh–Kaur v. INS,* 183 F.3d 1147, 1150 (9th Cir.1999). Because the IJ failed to make "an explicit adverse credibility finding, we must assume that [Lu's] factual contentions are true." *See Kataria v. INS,* 232 F.3d 1107, 1114 (9th Cir.2000). Therefore, taking Lu's testimony as true, we review the IJ's decision to deny asylum under the substantial evidence standard, and may reverse it only if the evidence presented is such that a reasonable factfinder would be compelled to conclude that the requisite fear of persecution exists. *See INS v. Elias–Zacarias,* 502 U.S. 478, 481, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992). Lu claims he has suffered past persecution in China because the government believes he is a practitioner of Falun Gong, a spiritual movement which was declared a cult and banned by the Chinese government in 1999, and has detained, harassed and interrogated him for his illegal activities.

■ The IJ engaged in impermissible speculation and conjecture based on his extrajudicial knowledge of Falun Gong to find that Lu's detention was implausible. *See Maini v. INS,* 212 F.3d 1167, 1175 (9th Cir.2000) ("[C]onjecture and speculation can never replace substantial evidence."); *Lopez–Reyes v. INS,* 79 F.3d 908, 912 (9th

Cir.1996) (same). The IJ's reliance on his own knowledge as a basis for denying Lu's asylum application violates our well-settled precedent that the substantial evidence which supports a decision to deny asylum must be in the record. *See Shah v. INS,* 220 F.3d 1062, 1067 (9th Cir.2000).

Here the record contained no evidence that contradicted Lu's consistent, detailed testimony about the harms he suffered in China. Yet, although both Lu's testimony and signed statements from his wife and two co-workers established that Lu had been detained for 10 days, the IJ found Lu's story implausible because, in his opinion, "most Falun Gong incarcerations are briefer and more violent than this one." No evidence was offered into the record that discussed the typical length of Falun Gong detentions; nor did Lu have the chance to rebut the IJ's pre-existing views. Lu testified that he was detained by his company's security officers, and submitted a former co-worker's letter stating that he saw company security officials taking Lu to the security office. The government offered no evidence to the contrary. Thus the IJ's determination that it was "odd" that the police were not involved in Lu's detention is wholly at odds with the record.

Finally, the IJ disbelieved Lu's testimony about his required re-education sessions, finding both that it was "strange" that the sessions were to go on indefinitely and that Lu was receiving re-education "on an out-patient basis" rather than being sent to a labor camp. This again was based upon no evidence of record as to the normal course of Falun Gong re-education. Testimony from Lu, along with letters from his wife, neighbor and former co-workers, consistently and specifically detailed the reporting and re-education requirements imposed on Lu by the Chinese

of this circuit except as provided by Ninth Circuit Rule 36–3.

government. Thus, the IJ's finding is unsupported by substantial evidence.

■ Based on the record before us, we conclude that Lu has established past persecution based on his perceived support of Falun Gong, a political opinion which the Chinese government imputed to him. *See Sangha v. INS*, 103 F.3d 1482, 1488–89 (9th Cir.1997). The record provided specific, consistent evidence that government officials detained Lu for a prolonged period of time, slapped him repeatedly, and released him only after forcing him to sign a false confession. As a result of this interrogation, Lu suffered serious consequences to his health including stomach and kidney ailments, arthritis and lack of concentration. He was forced to endure daily re-education sessions and weekly interrogations by the police. Because of the demands that the authorities placed upon his time, he could not find employment. When taken as a whole, no reasonable factfinder could fail to conclude that the detention, its effect on Lu's health and the ensuing harassment and interrogation rises to the level of past persecution. *See Popova v. INS*, 273 F.3d 1251 (9th Cir.2001) (holding that an alien who was harassed, fired, interrogated, threatened, assaulted and arrested had cumulatively suffered harms which established past persecution); *see also Baballah v. Ashcroft*, 335 F.3d 981 (9th Cir.2003) (holding that an alien who was repeatedly threatened, harassed, assaulted and deprived of his livelihood had cumulatively suffered harms which established past persecution).

■ Because Lu has established past persecution, he is entitled to a rebuttable presumption that he will suffer future persecution if he is returned to China. *See Wang v. Ashcroft*, 341 F.3d 1015 (9th Cir. 2003). The government did not present any evidence to rebut Lu's well-founded fear. Moreover, the State Department report details the ongoing persecution and torture of those associated with Falun Gong in China. *See U.S. Dep't of State, China Country Report on Human Rights Practices* 22, 28–30 (Feb.2001). Because the government has not demonstrated by a preponderance of the evidence that country conditions in China have changed such that Lu no longer fears persecution, *see Rios v. Ashcroft*, 287 F.3d 895, 900 (9th Cir.2002), Lu has established a well-founded fear of future persecution.

Because Lu has established eligibility for asylum by demonstrating at least a ten percent chance that he will face persecution if removed to China, *see INS v. Cardoza-Fonseca*, 480 U.S. 421, 440–43, 107 S.Ct. 1207, 94 L.Ed.2d 434 (1987), we grant his petition and remand to the Attorney General for an exercise of discretion.

■ Lu has failed to establish that it is more likely than not that he would either be subject to persecution on account of political opinion, *see Al–Harbi v. INS*, 242 F.3d 882, 888 (9th Cir.2001), or that he would be tortured, *see Kamalthas v. INS*, 251 F.3d 1279, 1284 (9th Cir.2001), if removed to China. Thus, substantial evidence supports the IJ's denial of withholding of deportation and CAT relief.

The petition therefore is **GRANTED** in part, **DENIED** in part, and **REMANDED** for an exercise of the Attorney General's discretion.